| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CSBN 44332)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CSBN 163973)<br>Chief, Criminal Division |
| 4 | |
| 5 | LAUREL BEELER (CSBN 187656)<br>Assistant United States Attorney |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102 |
| 7 | Telephone: (415) 436-6765<br>Facsimile: (415) 436-7234 |
| 8 | E-Mail: laurel.beeler@usdoj.gov |
| 9 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 05 491 (~~EC~~) VRW (EMC) |
| Plaintiff, | ) | |
| | ) | STIPULATION RE FORFEITURE OF BAIL; ORDER RE BAIL AND FORFEITURE |
| v. | ) | |
| CHRISTOPHER CALDER, | ) | |
| Defendant. | ) | |

The parties jointly ask the Court to release the liens on property posted by surety Edson Lee and defer ruling on the forfeiture of the cash posted as part of bail for the following reasons:

1. On July 22, 2005, Calder and his sureties Edson Lee and Erin de los Reyes executed a bond in the sum of $800,000, secured by real property and cash assets posted by Edson Lee (Calder's grandfather) in the amount of $163,000 deposited in the Court's registry fund and conditioned upon the appearance of Calder in this Court as ordered by this Court to answer one or more charges brought by the United States against him. In addition, the defendant and the sureties executed an agreement to forfeit the money and real property provided as security if the defendant failed to appear as ordered by the Court. This agreement was evidenced by the signing and filing of an Obligation and Deeds of Trust. In the Obligation, the defendant and the sureties acknowledged their understanding that they could lose the designated money or property if the

ORDER (CR 05 491 VRW) (EC)

defendant failed to comply with the Court's orders to appear, and they also acknowledged this in open court at the time of the signing of the bond.

2. On March 15, 2007, the defendant failed to appear as ordered by the Court. Specifically, on March 14, 2007, the Court directed Calder to surrender to the United States Marshal on March 15, 2007, to begin service of his sentence. Calder did not appear for service of sentence on March 15, 2007, and ultimately was arrested by the United States Marshal on April 18, 2007.

3. The parties have reached an agreement that provides that Calder will forfeit a certain amount of the $163,000 in cash assets posted as bail. The parties are in the process of finalizing the amount, and when they do, they will submit a stipulated forfeiture of the agreed-to amount. Until the parties finalize that agreement, they agree that the cash assets now on deposit in the Court's registry fund should remain there.

4. For equitable reasons, the United States does not seek to foreclose on the real property held by the deeds of trust. The United States agrees that the liens may be lifted as to those properties. Defense counsel will submit separately the documents necessary to release the lien and will secure the assistant United States attorney's approval of the particular forms before submitting them to the Court.

STIPULATED:

DATED:_____     /s Harris Taback
                          HARRIS TABACK
                          Attorney for CHRISTOPHER CALDER

DATED:_____     /s Laurel Beeler
                          LAUREL BEELER
                          Assistant United States Attorney

ORDER

For the reasons stated above, and based on Calder's knowing failure to surrender for service of sentence on March 15, 2007, as ordered by the Court and as required by the terms of his bond, the Court finds that Calder breached the conditions of release when he failed to surrender on March 15 2007. Accordingly, the Court orders the following:

1. Pursuant to Federal Rule of Criminal Procedure 46(f)(1), and based on the parties'

ORDER (CR 05 491 VRW) (EC)          2

1  agreement to this amount, the Court declares a forfeiture of the bail.

2      2. The parties will finalize the amount of the cash to be forfeited, and thereafter, the
3  Court will enter judgment in favor of the United States and against Calder and the sureties in that
4  amount. In the meantime, the cash and cash assets that totaled approximately $163,000 when
5  posted will remain in the Court's registry fund.

6      3. The Court approves in principle the release of the real property, subject to the
7  appropriate documentation's being submitted to the Court after approval as to form by the
8  assistant United States attorney assigned to the case.

9  IT IS SO ORDERED.

10 DATED: July 23, 2008

11 EDWARD CHEN
   United States Magistrate Judge



ORDER (CR 05 491 VRW) (EC)    3